**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES ANTHONY CALDERON, | CASE NO. 1:08-cv-00947-DLB PC |
| Plaintiff, | ORDER DISMISSING ACTION FOR FAILURE TO STATE A CLAIM |
| v. | (Doc. 1) |
| KERN COUNTY, et al., | |
| Defendants. | |

**Screening Order**

**I.    Screening Requirement**

Plaintiff Charles Anthony Calderon ("Plaintiff") is a former state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on July 7, 2008. Defendants have not yet appeared in this action. On July 21, 2008, Plaintiff filed a consent to jurisdiction of a United States Magistrate Judge. 28 U.SC.§636(c).

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

## II.    Summary of Plaintiff's Complaint

Plaintiff alleges that in 1998 or 1999 Plaintiff was sentenced for possession of a controlled substance. (Case No. Sc 075475A). Plaintiff apparently alleges that a 1993 juvenile conviction was used as PC667 enhancement, or a strike, to double his sentence to 32 months with 80% time served. Plaintiff was paroled on February 1, 2001. Plaintiff alleges that in or around 2004 he learned that the enhancement was invalid.

Plaintiff alleges that he filed a writ of habeas corpus, which subsequently resulted in an amendment of his 32 months prison sentence to 16 months, and also a correction to his records reflecting the error. Plaintiff alleges that the invalid enhancement resulted in Plaintiff receiving a mandatory prison sentence when he would otherwise have received probation, drug treatment, or jail time. In the instant lawsuit, Plaintiff alleges that he was falsely imprisoned, and that he rights were violated under the 6th, 5th, 14th and 8th Amendments of the United States Constitution. Based on the exhibits filed with Plaintiff's complaint, it appears that on October 28, 2004, Plaintiff's petition for writ of habeas corpus was resolved, with plaintiff's "extra time" served be credited to his parole period in that case. (In the Matter of Charles A. Calderon, On Habeas Corpus, Case No. HC008444). (Doc. 1, p.19). Plaintiff names Kern County and the State of California as defendants. Plaintiff seeks money damages.

///

### A. Linkage Requirement

To state a claim under section 1983, a plaintiff must allege that (1) the defendant acted under color of state law and (2) the defendant deprived him of rights secured by the Constitution or federal law. Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006).

### B. Eleventh Amendment Immunity

"The Eleventh Amendment bars suits for money damages in federal court against a state, its agencies, and state officials in their official capacities." Aholelei v. Dept. of Public Safety, 488 F.3d 1144, 1147 (9th Cir. 2007) (citations omitted). Accordingly, Plaintiff's suit against the State of California is barred.

### C. Defendant Kern County

A local government unit may not be held responsible for the acts of its employees under a respondeat superior theory of liability. Monell v. Department of Social Services, 436 U.S. 658, 691 (1978); Webb v. Sloan, 330 F.3d 1158, 1163-64 (9th Cir. 2003); Gibson v. County of Washoe, 290 F.3d 1175, 1185 (9th Cir. 2002). Rather, a local government unit may only be held liable if it inflicts the injury complained of. Gibson, 290 F.3d at 1185.

Generally, a claim against a local government unit for municipal or county liability requires an allegation that "a deliberate policy, custom, or practice . . . was the 'moving force' behind the constitutional violation . . . suffered." Galen v. County of Los Angeles, 477 F.3d 652, 667 (9th Cir. 2007); City of Canton, Ohio, v. Harris, 489 U.S. 378, 385 (1989). Alternatively, and more difficult to prove, municipal liability may be imposed where the local government unit's omission led to the constitutional violation by its employee. Gibson at 1186. Under this route to municipal liability, the "plaintiff must show that the municipality's deliberate indifference led to its omission and that the omission caused the employee to commit the constitutional violation." Id. Deliberate indifference requires a showing "that the municipality was on actual or constructive notice that its omissions would likely result in a constitutional violation." Id.

Plaintiff has not alleged that a policy, custom or practice of Kern County was the moving force behind a constitutional violation. Accordingly, Plaintiff fails to state a claim for upon which relief may be granted against Kern County.

3

**D.     Claims Against Public Defender, Prosecutor or State Judge**

Plaintiff alleges that he was represented by a public defender during his criminal proceedings in Case No. SC 075475A. Plaintiff has not named his public defender, nor the prosecutor or state judge as defendants in this action. Nonetheless, the court provides plaintiff with the following legal standards since it appears that the constitutional violations complained of by Plaintiff concern his sentencing.

State court judges and prosecutors are immune from liability under 42 U.S.C. § 1983. See Olsen v. Idaho State Bd. of Medicine, 363 F.3d 916, 922 (9th Cir. 2004) ("Absolute immunity is generally accorded to judges and prosecutors functioning in their official capacities"); Ashelman v. Pope, 793 F.2d 1072, 1075 (9th Cir.1986) (holding that judges and prosecutors are immune from liability for damages under section 1983 ).

Civil rights claims under Section 1983 are also not available because public defenders are private individuals for purposes of section 1983 and therefore do not act under color of state law. See Polk County v. Dodson, 454 U.S. 312, 325 (1981) (holding that public defenders performing traditional functions of representation do not act under color of state law for purposes of civil rights actions); Miranda v. Clark County, Nevada, 319 F.3d 465, 468 (9th Cir. 2003).

**III.   Conclusion and Order**

Plaintiff's complaint fails to state a claim upon which relief may be granted against the State of California because the State enjoys Eleventh Amendment immunity. Further, Plaintiff has not stated a claim upon which relief may be granted against Kern County because Plaintiff has not alleged that the County had a policy, custom or practice that led of the violation of a constitutional right. Further, Kern County is not liable for actions of its employees under a respondeat superior theory of liability. Finally, it appears that Plaintiff cannot state a federal claim under section 1983 as the State court judge and prosecutor are immune from suit and the public defender was not acting under color of state law. Based the foregoing, it does not appear that Plaintiff will be able to correct the deficiencies with his claim.[1]

---

[1] "Leave to amend should be granted if it appears at all possible that the plaintiff can correct the defect." Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000) (internal citations omitted).

1  Based on the foregoing, Plaintiff's complaint, filed July 7, 2008 is HEREBY DISMISSED, without leave to amend, for failure to state a claim upon which relief may be granted under federal law.

IT IS SO ORDERED.

Dated:   **February 9, 2009**                                **/s/ Dennis L. Beck**
                                                                            UNITED STATES MAGISTRATE JUDGE